```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


GRANITE STATE OUTDOOR           :
ADVERTISING, INC.,              :
                                :
     Plaintiff,                 :
                                :
     v.                         :     CASE NO.  3:01CV59 (DFM)
                                :
TOWN OF ORANGE, CONNECTICUT,    :
a political subdivision of the  :
State, MITCHELL R. GOLDBLATT,   :
as an individual and in his     :
capacity as First Selectman,    :
MICHAEL PAOLINI, as an          :
individual and in his capacity  :
as Chairman of the Plan and     :
Zoning Commission, and PAUL     :
DINICE, as an individual and    :
in his capacity as Zoning       :
Administrator and               :
Enforcement Officer,            :
                                :
     Defendants.                :
```

RULING AND ORDER

Pending before the court are the parties' cross-motions for summary judgment.[1] (Docs. ##64, 67.)

I.  Background

On September 20, 2000, the plaintiff, Granite State Outdoor Advertising ("Granite"), submitted nine sign applications to the Town of Orange ("Town") for permits for billboards it wished to construct. The Town denied the applications pursuant to the Town's sign regulations. Thereafter, in January 2001, the plaintiff filed

---

[1] The parties consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. #29.)

suit seeking injunctive relief and damages, arguing in its complaint, <u>inter alia</u>, that the speech restrictions contained in the regulations violated the First Amendment. Granite sought an injunction against the Town's enforcement of any part of the sign regulations, as well as damages and attorneys' fees. Before the court ruled on Granite's motion for a preliminary injunction, the Town amended its regulations. The district court ruled that the dispute underlying the request for an injunction had become moot in light of the Town's intervening amendment of its sign regulations and therefore denied the plaintiff's motion for an injunction. The plaintiff appealed. The Second Circuit affirmed. <u>Granite State Outdoor Advertising, Inc. v. Town of Orange, et al.</u>, 303 F.3d 450 (2d Cir. 2002)(per curiam).

After the Court of Appeals issued its mandate, the plaintiff sought leave to amend its complaint to challenge the Town's new regulations. (Doc. #57.) The court denied the motion. (Doc. #59.) Now pending before the court are the parties' cross-motions for summary judgment addressing the question of whether this case can continue when the only issue before the court is the validity of the Town's old regulations, which have been amended.

II.  <u>Discussion</u>

"The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate

matters that no longer present an actual dispute between parties. . . . . Thus, when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome . . ., a case is moot and the federal court is divested of jurisdiction over it . . . ." Catanzano v. Wing, 277 F.3d 99, 107 (2d Cir. 2001) (citations and internal quotation marks omitted). See Seibert v. Sperry Rand Corp., 586 F.2d 949, 951 (2d Cir. 1978)("mootness is a jurisdictional question").

Despite the court's earlier ruling, the plaintiff argues the case is not moot for two reasons. First, the plaintiff argues that the case is not moot because the new regulations are unconstitutional. The plaintiff reasons that if the amended regulations are unconstitutional, the alleged constitutional violations are likely to recur. As a result, the case is not moot. On this basis, the plaintiff asks this court to revisit and reverse the prior determinations of mootness by this court and the Second Circuit. (Pl's Mem. at 1.) The court declines to do so. Plaintiff could have raised those arguments on a number of occasions either before this court or before the Second Circuit on appeal. It did not. The plaintiff is barred from raising them now by the doctrine of res judicata. Perez v. Danbury Hosp., 347 F.3d 419, 426 (2d Cir. 2003) (holding that res judicata precludes parties from litigating issues "that were or could have been raised" in a prior proceeding).

The plaintiff next argues that the controversy over the old regulations remains alive because it has asserted a claim for monetary damages under 42 U.S.C. § 1983. The court is unpersuaded. First, the plaintiff failed to submit any evidence of its damages to support such a claim. Second, recent case law in this circuit does not support the plaintiff's claim. See <u>Lamar Advertising of Penn, LLC v. Town of Orchard Park</u>, 356 F.3d 365, 378 (2d Cir. 2004)(holding that plaintiff's claim that it incurred certain damages under the pre-amended version of sign ordinance is not enough to keep controversy alive).

Plaintiff's citation of <u>Van Wie v. Pataki</u>, 267 F.3d 109, 115 n.4 (2d Cir. 2001), for the proposition that it can avoid mootness by simply pleading that it is entitled to monetary damages, is misplaced. That statement came in a footnote, and was mere dicta not central to the Second Circuit's holding in that case. The Second Circuit's later holding in <u>Lamar Advertising</u> – in a case much more analogous to this one – is controlling.

The case no longer presents a live controversy. The amendment of the regulations challenged in the complaint has rendered moot this litigation. See <u>Doremus v. Board of Education</u>, 342 U.S. 429, 433 (1952) (holding that federal courts "do[ ] not sit to decide arguments after events have put them to rest"); <u>Russman v. Bd. of Educ.</u>, 260 F.3d 114, 120 (2d Cir. 2001)("[I]f the dispute should dissolve at any time due to a change in circumstances, the case

becomes moot."). "Whenever mootness occurs, the court . . . loses jurisdiction over the suit, which therefore must be dismissed." <u>Russman</u>, 260 F.3d at 118-119. Accordingly, the case is dismissed for lack of subject matter jurisdiction.

III. <u>Conclusion</u>

For these reasons, the plaintiff's Motion for Partial Summary Judgment (doc. #67) is DENIED, defendants' Motion for Summary Judgment (doc. #64) is GRANTED, and the case is DISMISSED.

SO ORDERED at Hartford, Connecticut this 30th day of September, 2004.

```
               _____/s/_____
                    Donna F. Martinez
                    United States Magistrate Judge
```